IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN MICHAEL BRAITHWAITE, ADAM THOMAS BRAITHWAITE, and NEBRASKA RAILCAR CLEANING SERVICES, LLC,<br><br>Defendants. | 8:18CR216<br><br>ORDER |

This matter is before the Court on David Houghton's Motion to Withdraw as counsel for Defendant, Nebraska Railcar Cleaning Services, LLC. (Filing No. 49.) A hearing on the motion was held on June 15, 2020. A representative from Nebraska Railcar Cleaning Services, LLC was present with its attorney, David Hougton. Steven Braithwaite was present with his attorney, Clarence Mock, III. Adam Braithwaite was present with his attorney, Stuart Dornan. The United States of America was represented by Krishna Dighe and Donald Kleine. Upon hearing the matter, the motion will be granted, but withdrawal will not be permitted until Nebraska Railcar Cleaning Services, LLC's produces, or makes available for inspection, the items listed on page two of the government's response to this motion. *See* Filing No. 57-1 at CM/ECF p. 2.

**DISCUSSION**

Under the local rules of this Court, an attorney of record may withdraw only upon a showing of good cause. NEGenR 1.3; NECrimR 44.1(e). A "defendant has no right to manipulate his right [to counsel] for the purpose of delaying and disrupting the trial." *Meyer v. Sargent*, 854 F.2d 1110, 1113 (8th Cir. 1988). A motion to withdraw as counsel can be denied where the court concludes "that the motion was merely intended for delay." *United States v. Redd*, 318 F.3d 778, 781, 783 (8th Cir. 2003).

Having heard the matter, the Court finds that there is good cause to allow Mr. Houghton to withdraw as counsel for Nebraska Railcar Cleaning Services, LLC. The Court is satisfied that the

withdraw is not being sought to delay this case. The government argued in its response to the motion that information should be disclosed to the government if the basis of the motion has to do with fraud or the commission of a crime. Here, the basis for the withdrawal has nothing to do with fraud or a crime, therefore, the "crime-fraud" exception to the attorney-client privilege does not apply and the government is not entitled to any information regarding the basis for Mr. Houghton's request to withdraw.

Even though the Court finds that there is good cause to allow Mr. Houghton to withdraw, the Court will not allow him to do so until the information the government previously requested is provided to the government or made available for examination. These items are listed on page two of the government's response to this motion. Filing No. 57-1 at CM/ECF p. 2. This case has been pending for over a year and a half. Mr. Houghton has been the attorney coordinating and working with the experts in this matter. The parties are nearing the completion of discovery so the matter may proceed to trial. To allow Mr. Houghton to withdraw prior to the government getting the information the government requested will delay this case, which the Court will not allow.

The Court reminds Nebraska Railcar Cleaning Services, LLC, as was discussed at the hearing, that a corporation may only appear in the federal courts through licensed counsel. *See Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983). Therefore, once Mr. Houghton withdraws, if new counsel does not enter an appearance, Nebraska Railcar Cleaning Services, LLC will be unrepresented for the remainder of these proceedings.

Accordingly,

**IT IS ORDERED:**

1. David A. Houghton's Motion to Withdraw (Filing No. 49) is granted, but leave to withdraw will only be permitted once the items identified in Filing No. 57-1 at CM/ECF p. 2 are provided to the government or made available to the government for examination.

2. Once Mr. Houghton has provided (or allowed examination of) the items identified in Filing No. 57-1 at CM/ECF p. 2, Mr. Houghton shall file a certificate of service showing compliance with this Order.

3. Once the government receives or is allowed to examine the items identified in [Filing No. 57-1 at CM/ECF p. 2](Filing No. 57-1 at CM/ECF p. 2), it shall forthwith file a notice of compliance with the Court indicating it has received and/or examined all items. Thereafter, Mr. Houghton will be allowed to withdraw and may file a notice of withdrawal as counsel.

Dated this 16th day of June, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge