IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR216 |
| v. | |
| STEVEN MICHAEL BRAITHWAITE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Steven Michael Braithwaite's ("Braithwaite") pro se Motion for Reconsideration (Filing No. 187). On November 16, 2022, the Court denied (Filing No. 186) Braithwaite's Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582 (Filing Nos. 184). In making that decision, the Court found Braithwaite not only failed to give his warden "the full picture of his circumstances" before seeking judicial review under § 3582(c)(1)(A) but also failed to demonstrate "extraordinary and compelling reasons" to reduce his sentence. Reminding Braithwaite that the Court had accounted for "[h]is age, medical condition, and health risks within the [Bureau of Prisons], including the dangers of COVID-19," in varying down significantly in imposing Braithwaite's sentence, the Court found no "compelling reason to reduce the reasonable sentence it imposed just" a few months before.

In his motion to reconsider, Braithwaite acknowledges he did not fully apprise his warden of all his medical concerns but explains he chose not to provide that information because he knew his warden would review his medical file as a matter of course. Braithwaite states he has since "tendered a second petition with the prison's Warden and has continued his follow-up medical care with the prison's Health Services staff." In support, he has provided a copy of an email he ostensibly sent to the warden on December 5, 2022, reiterating his request for a sentence reduction. Braithwaite has neither attached nor said anything about the warden's response to his "second petition," but thirty days have passed since his request, so the Court will assume, for purposes of this motion,

that Braithwaite has met the procedural requirement for judicial review under § 3582(c)(1)(A).

Turning to the merits, Braithwaite questions, "Is the present circumstance of [his] imprisonment, by including forced exposure to lethal hazards, consistent with the type of imprisonment promulgated by the United States legislature and authorized by the United States Sentencing Commission?" The Court has, after careful review, twice answered "yes" to that question—once in imposing his sentence and once in denying his request for a sentence reduction.

Braithwaite again asks the Court to reconsider. He contends the Court has not adequately accounted for the fact that "he has become infected with [COVID 19] and has now become a member of the class of people who risk death due to his diminished state." He further argues the Court does not fully appreciate the seriousness of the situation at the facility where he is incarcerated—the low-security facility at the Federal Correctional Institution in Forrest City, Arkansas ("FCI Forrest City Low"). As he did in his original request for a sentence reduction, Braithwaite contends "he is subjected to an unreasonable risk of death when considered in combination with his COVID infection, comorbidities, and lack of adequate medical treatment that could be obtained through his family physician, should this court find good-cause to grant him his requested relief." In his view, "The significant hardships he now endures, through no fault of his own, diverge from any conventional incident of normal prison life."

The Court has thoroughly considered Braithwaite's criticisms of the Court's prior analysis and has carefully reviewed the additional information he has provided. Yet the Court again concludes Braithwaite has not shown "extraordinary and compelling reasons" to reduce his sentence at this time. 18 U.S.C. § 3582(c)(1)(A)(i). It isn't that the Court does not adequately understand Braithwaite's difficult circumstances at FCI Forrest City Low; it is that the Court does not agree with Braithwaite that the totality of those circumstances warrant reducing his sentence.

For that reason,

IT IS ORDERED:

1. Defendant Steven Michael Braithwaite's Motion for Reconsideration (Filing No. 187) is denied.
2. The Clerk of Court is directed to send a copy of this Memorandum and Order to Braithwaite at his address of record.

Dated this 27th day of January 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge